## Lithgow *vs.* Evans.

A note, and the mortgage given to secure the payment of it, having been assigned to a third person when over-due, in an action on the mortgage, brought by the assignee against the mortgagor, it was held that the latter might set up in defence against the assignee any payments made by him to the original mortgagee, prior to notice of the assignment.

The mortgagee is in such case a competent witness for the assignee, being properly released. And where the release was of all demands, it was held that this did not affect the validity of the assignment, which was absolute on its face, nor consequently, the plaintiff's right to recover; though the witness testified that the assignment was in fact intended as collateral security for the payment of a debt due to the assignee; the legal operation of the release being to vest the mortgage absolutely in the assignee, and to discharge his claim of indemnity against the assignor.

THIS was a writ of entry on a mortgage given by the defendant to *J. & W. Chism,* and by them assigned, with the debt, to the plaintiff; and it was tried before *Parris J.* upon the general issue. The assignment was made more than two years after the day of payment mentioned in the note. The defendant offered to prove that prior to the registry of the assignment he had made sundry payments to the original mortgagees; which evidence, though objected to, was admitted by the judge. To rebut this evidence the plaintiff offered *John Chism,* the mortgagee, as a witness, to testify that the defendant had notice in fact of the assignment, prior to his payments. And the witness, being specially released, was admit-

ted. In the course of his testimony, he stated that the assignment, though absolute in its terms, was made to secure and indemnify the plaintiff for monies paid and liabilities incurred by him for the *Chisms;* and that unless the debt in controversy was recovered, the plaintiff would not be indemnified. Hereupon the defendant objected that the witness was still interested for the plaintiff, notwithstanding the release; to which, the plaintiff altered the release by adding the words " all other demands." The defendant then contended that by the release as enlarged, the plaintiff had extinguished his claim against the *Chisms,* and, consequently, his interest in the mortgage; and that it was now competent for the defendant to avail himself of any payments made to the mortgagees, even after notice of the assignment. But this the Judge overruled; and reserved these questions for the consideration of the court; a default being entered by consent, subject to its opinion. Some other points were raised, which it is not material to state, as they were afterwards abandoned.

*Sprague,* for the defendant, sent a written argument to this effect. The plaintiff was never the absolute owner of the note and mortgage, they having been put into his hands as collateral security for the performance of certain obligations on the part of the *Chisms.* This claim he has forever discharged by the release filed in the case; and the interest thereupon reverted to the original mortgagees. As between them and the defendant, the debt has long since been paid; and the effect of suffering the plaintiff to recover, would be to give the *Chisms* an immediate right of action against him, and the defendant another against them, to recover the same amount; contrary to the plainest principles and the policy of the law. The defendant therefore is entitled to the whole benefit of the defence he has set up.

*Allen* and *Barnard,* for the plaintiff, cited *Lokee v. Haynes,* 11 *Mass.* 498; *Worcester v. Eaton, ib.* 368; *Twombly v. Henley,* 4 *Mass.* 441; *Warren v. Adams,* 15 *Mass.* 236; *Thorp v. Thorp,* 1 *Ld. Raym.* 235, 664; *Lyman v. Clark,* 9 *Mass.* 235.

PARRIS J. delivered the opinion of the Court.

All the questions raised in the report of this case were abandoned at the argument, excepting that relating to the legal effect of the release.

The plaintiff claims as assignee of a mortgage given by the tenant to *J. & W. Chism*, to secure the payment of a promissory note for three hundred dollars. The tenant contends that the note has been paid to the *Chisms*, and that the mortgage has consequently become inoperative. The note having been assigned after it became due, the plaintiff took it subject to all the equities existing between the assignor and the maker at the time the latter had notice of the assignment.

It became important, therefore, to prove the time when such notice was given.

For this purpose *J. Chism*, one of the assignors, was offered as a witness, and having been released by the assignee from all liability by reason of the assignment of the mortgage and note, was admitted. In the course of his testimony it appeared, that the note and mortgage were assigned to secure and indemnify the plaintiff for monies paid and liabilities incurred for the assignors; and that unless the note secured by the mortgage should be recovered, the plaintiff would not be indemnified.

The Judge having thereupon ruled that the witness had a remaining interest, notwithstanding the release, the plaintiff inserted therein the words " all other demands," and the witness was reexamined without objection.

It is now contended that the action cannot be maintained because the plaintiff held the mortgage as collateral security only ; and having by the release discharged *Chism* from all demands, the collateral security re-vests in the original payees.

Such undoubtedly would be the case, if the plaintiff so held the mortgage, and if there had been an actual payment by *Chism* in discharge of his liabilities, other than by the assignment.

But it is to be kept in view that the assignment was absolute on its face, requiring nothing further to be done by *Chism*, the witness,

to vest the note and mortgage unconditionally and irrevocably in the plaintiff. If there was any understanding or verbal agreement between *Chism* and the plaintiff inconsistent with the absolute character of the assignment, such agreement could not vary the legal effect of the written contract.

The plaintiff's right to the mortgage depended upon the construction of the written assignment; and whenever the mortgagor had actual notice of that assignment, he became the debtor of the assignee, and *Chism's* legal right to the debt, or to exercise any control over the security ceased.

The release, therefore, could have no legal operation or effect upon the assignment.

The latter was absolute, unconditional, depending upon no contingency, but vesting in the plaintiff all the rights which the mortgagee had at the time the mortgagor had notice of its execution.

If there was any understanding or verbal agreement between the plaintiff and *Chism*, the witness, that the latter was to remain liable for any balance that might be due the former after enforcing his legal rights, under the assignment, against the tenant, that liability is effectually discharged by the release. In our opinion, the legal operation of the assignment and release is to vest the mortgage absolutely in the plaintiff, and discharge the witness from all demands arising in consequence of the assignment, or any debt or liability which it was originally intended to secure.

*Judgment for the plaintiff.*